Hill Wallack LLP
Gerard H. Hanson, Esquire
Attorney I.D. # 022301978
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOKIO MARINE AMERICA INSURANCE COMPANY, a New York Corporation<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a Delaware Corporation<br><br>Defendant | Civil Action No.: |

Plaintiff Tokio Marine America Insurance Company ("Tokio Marine"), a New York corporation, alleges as follows:

### **JURISDICTION**

1. Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. §1332, based upon the facts more specifically alleged in paragraphs 3 and 4 below.

2. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

## PARTIES

3.  Plaintiff Tokio Marine is and at all times mentioned in this Complaint was a New York corporation with its principal place of business in the State of New York, duly licensed to transact the business of insurance in the State of New Jersey.

4.  Defendant United States Fire Insurance Company ("U.S. Fire") is and at all times mentioned in this Complaint was a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of New Jersey and licensed to transact the business of insurance in the State of New Jersey.

## VENUE

5.  Venue lies in the District of New Jersey pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to Tokio Marine's claims occurred in this district.

## FACTUAL ALLEGATIONS

6.  Adam Breinig and Sherre Young filed a suit entitled <u>Adam Breinig and Sherre Young v. Matheson Tri-Gas, Inc. and John Doe</u>, in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 19-C-175 on or about February 28, 2019 (the "Underlying Lawsuit"). The Underlying Lawsuit asserted a claim for personal injuries allegedly suffered by Adam Breinig and Sherre Young on or about January 12, 2018 allegedly caused by the negligence of Matheson Tri-Gas, Inc.

7.  State Farm as subrogee of Adam Breinig and Sherre Young also asserted a claim against Matheson Tri-Gas, Inc. for damages to the home of Adam Breinig and Sherry Young and their personal property, allegedly damaged in the same accident giving rise to the Underlying Lawsuit and causing the injuries alleged therein ("State Farm Subrogation Claim").

8. Defendant United States Fire Insurance Company issued a primary commercial general liability insurance policy number 5432195421 to Matheson Tri-Gas, Inc. for the policy period of October 1, 2017 to October 1, 2018.

9. Plaintiff Tokio Marine issued commercial umbrella insurance policy number CU640856509-02 to Matheson Tri-Gas, Inc. for the policy period of October 1, 2017 to October 1, 2018.

10. Defendant United States Fire Insurance Company policy 5432195421 included a self-insured retention "(SIR") which was issued on its form MG 70 005 15 which provides in part:

> Self-Insured Retention Amounts
>
> $500,000 Per Occurrence
>
> (including Defense Costs – All Defense Costs Will Be Paid By Us Excess of Self-Insured Retention Amount)
>
> II.  Our Rights and Obligations Excess of the Self-Insured Retention
>
> B.  Damages Excess of Self-Insured Retention – Per Occurrence of Per Claim
>
> We shall be liable only for the amount of damages and "defense costs" in excess of the "self-insured retention" amounts, as applicable, shown in the Schedule of this endorsement up to the applicable Limits of Insurance shown in the Declarations of this policy.
>
> C. Damages Excess of Self-Insured Retention – Aggregate & Per Occurrence (postaggregate)
>
> 1. If the Self-Insured Retention Aggregate Amount (if selected) shown in the Schedule of this endorsement is exceeded in your payment of damages or "defense costs" and the Per Occurrence (post-aggregate) Self-Insured retention Amount shown in the Schedule of this endorsement is also then exceeded in your payment of damages of "defense costs" in connection with a respective "occurrence," we will at that time assume your obligations for payment of all subsequent damages and "defense cists" with respect to each such respective "occurrence" subject to the Limits of Insurance provisions of this policy.

11. The Limits of Insurance provision of the Defendant U.S. Fire policy issued on form CG 00 01 04 13 provides that:

SECTON III – LIMITS OF INSURANCE

5. Subject to Paragraph 2. (Products-Completed Operations Aggregate) or 3. (General Aggregate) above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    a. Damages under Coverage A; and

    b. Medical expenses under Coverage C.

12. The U.S. Fire policy does not state that the policy Limits of Insurance are reduced by payments made under the SIR provision.

13. The U.S. Fire policy states that U.S. Fire will pay "up to the applicable Limits of Insurance" after the SIR is exhausted.

14. The per occurrence SIR is $500,000.

15. The $500,000 per occurrence SIR can be paid as indemnity or defense expense.

16. The per occurrence limit of the U.S. Fire policy is $1,000,000.

17. The U.S. Fire policy $1,000,000 per occurrence limit applies in excess of and is not reduced by the $500,000 SIR amount.

18. Matheson Tri-Gas, Inc. and Defendant U.S. Fire settled the State Farm Subrogation Claim for $750,000.

19. The $750,000 payment to compromise the State Farm Subrogation Claims was satisfied by payments from Matheson Tri-Gas and U.S. Fire.

20.   Matheson Tri-Gas, Inc. paid $471,809.80 which represented the balance of its SIR as its contribution to the settlement of the State Farm Subrogation Claim.

21.   Defendant U.S. Fire paid $278,190.20 as its contribution to the settlement of the State Farm Subrogation Claim.

22.   Defendant U.S. Fire represented to Tokio Marine that its policy limit was reduced by the amount of the SIR.

23.   Defendant U.S. Fire tendered to Tokio Marine $221,809.80 representing to Tokio Marine that this was the "remaining limit."

24.   Plaintiff Tokio Marine did not accept that tender of the "remaining limit" at that time.

25.   The Plaintiff thereafter discovered that the U.S. Fire policy limit was not reduced by the amount of the SIR.

26.   The remaining limit of the U.S. Fire policy was $721,809.80, and not $221,809.80 as represented by Defendant when U.S. Fire purported to tender its remaining limit to Tokio Marine.

27.   Defendant U.S. Fire continued to defend Matheson Tri-Gas in the Underlying Lawsuit.

28.   When settlement of the Underlying Lawsuit was being negotiated, Tokio Marine again requested a copy of the U.S. Fire policy.

29. When U.S. Fire provided the U.S. Fire policy to Tokio Marine, Tokio Marine discovered that the SIR did not reduce the U.S. Fire limit as U.S. Fire has represented.

30. Tokio Marine demanded that U.S. Fire pay its remaining limit of $721,809.80.

31. U.S. Fire wrongfully failed and refused to pay its remaining limit of $721,809.80.

32. U.S. Fire would agree to pay only $221,809.80 toward the settlement of the Underlying Lawsuit.

33. Tokio Marine paid its contribution of the settlement under reservation of its rights to recoup from U.S. Fire the full remaining limit of the U.S. Fire policy.

34. U.S. Fire was obligated under the U.S. Fire policy to pay $721,809.80 toward the settlement of the Underlying Lawsuit, but refused to pay any more than $221,809.80.

35. Tokio Marine has never waived any rights it might ever have had, or that is now has, to recover from U.S. Fire all or any portion of the contribution Tokio Marine made toward funding the settlement of the Underlying Lawsuit.

36. In making that payment to settle the Underlying Lawsuit, Plaintiff Tokio Marine reserved all of its rights against U.S. Fire including the right to recoup from U.S. Fire the additional $500,000 which U.S. Fire was obligated to pay toward the settlement.

## COUNT ONE

37. Plaintiff Tokio Marine repeats each and every allegation contained in paragraphs 1 through 36 of this Complaint and incorporates each and every one of those allegations as if they were set forth herein at length.

38. Plaintiff Tokio Marine contends that the SIR amount does not apply to reduce the per occurrence limit.

39. Defendant U.S. Fire wrongfully contends that the SIR amount applies to reduce the per occurrence limit.

40. An actual controversy exists between the parties to this action, and this court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. §2202.

41. Plaintiff Tokio Marine seeks a declaration of the rights and duties and obligations of U.S. Fire pursuant to the Defendant U.S. Fire policy, and specifically seeks a declaration that the SIR amount under the U.S. Fire policy does not reduce the per occurrence limit of the U.S. Fire policy.

## COUNT TWO

42. Plaintiff Tokio Marine repeats each and every allegation continued in paragraphs 1 through 41 of this Complaint and incorporates each and every one of those allegations as if set forth herein at length.

43. Tokio Marine paid an additional $500,000 toward funding the settlement of the Underlying Lawsuit in order to protect its own interests and the interests of the insured, Matheson Tri-Gas.

44. Plaintiff Tokio Marine never was and is not now liable for all or any part of the additional $500,000 it paid toward funding the settlement of the Underlying Lawsuit.

45. Defendant U.S. Fire was and is legally responsible for such payment under the U.S. Fire policy. The additional $500,000 that Tokio Marine paid toward funding the settlement of the Underlying Lawsuit was the responsibility of U.S. Fire.

46. Plaintiff Tokio Marine individually and as subrogee of Matheson Tri-Gas is entitled to payment from U.S. Fire of the additional $500,000 that Tokio Marine paid toward funding the settlement of the Underlying Lawsuit.

WHEREFORE, Plaintiff Tokio Marine demands Judgment against the Defendant U.S. Fire:

1. Declaring that the $500,000 SIR under the U.S. Fire policy does not apply to reduce the per occurrence limit of the Defendant U.S. Fire policy.

2. Declaring that the additional $500,000 that Plaintiff Tokio Marine paid toward funding the settlement of the Underlying Lawsuit was the obligation of Defendant U.S. Fire under the U.S. Fire policy.

3. For $500,000 against the Defendant U.S. Fire, plus interest and costs of suit.

4. For reasonable attorney's fees in accordance with New Jersey Rule of Court 4:42-9(6).

5. For such other further relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                                        HILL WALLACK LLP

                                              */s/ Gerard H. Hanson*

BY:_____
                                             Gerard H. Hanson
                                             GHanson@HillWallack.com